# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**BRIAN M. CASEY,**
**D.O.C. # 139647,**

    **Plaintiff,**

**vs.**                                                                 **Case No. 4:21cv496-MW-MAF**

**FLORIDA DEPARTMENT OF**
**CORRECTIONS, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case in mid–December 2021. ECF Nos. 1-2. Plaintiff submitted a complaint, ECF No. 1, and an in forma pauperis motion, ECF No. 2. After review of those pleadings, a Report and Recommendation was entered, ECF No. 4, recommending dismissal of this case because Plaintiff was a "three striker" and his complaint did not sufficiently allege facts showing that Plaintiff was "under imminent danger of serious physical injury" such that he qualified for in forma pauperis status. See 28 U.S.C. § 1915(g). Plaintiff then filed an objection, ECF No. 5, and requested permission "to replead his case and

raise sufficient facts to support his claims." ECF No. 5 at 4. Plaintiff sought "at least one chance to amend the complaint" before his case is dismissed. *Id.* at 5. His request was granted, the Report and Recommendation vacated, and Plaintiff was given an opportunity to file an amended complaint. ECF No. 7.

Plaintiff has now filed a first amended complaint, ECF No. 10, a motion for preliminary injunction and restraining order, ECF No. 11, and a motion for in forma pauperis status "for purpose of appeal," ECF No. 12. These pleadings have been reviewed. Additionally, the Court has reviewed other cases Plaintiff has recently submitted to this Court.

Prior to initiating this case, Plaintiff filed case number 4:21cv463-WS-MAF in November 2021. In late January 2022, Plaintiff submitted a second amended complaint, ECF No. 28 of that case, which was reviewed and deemed insufficient to proceed. A Report and Recommendation, ECF No. 29, was entered finding that Plaintiff did not allege imminent danger but, instead, complained of past events. Additionally, Plaintiff's complaint was an impermissible shotgun pleading and Plaintiff did not honestly set forth his litigation history. ECF No. 29. The recommendation is still pending.

On the same day this case was filed, Plaintiff submitted another complaint for a separate case - 4:21cv495-WS-MJF. Recently, Magistrate Judge Michael J. Frank entered an order providing Plaintiff with another opportunity to submit an amended complaint that properly discloses his litigation history. ECF No. 9 of that case.

Then in early January 2022, Plaintiff initiated a fourth case - 4:22cv09-MW-MAF. He subsequently submitted a notice of voluntary dismissal and that case was closed in early February 2022. ECF Nos. 5-6 of that case.

In each of these recent cases, Plaintiff complains about medical issues. Plaintiff does not need to file four separate cases to litigate a claims about the denial of medical care. Plaintiff is abusing the judicial process by filing multiple cases.

Plaintiff is also abusing the judicial process in not honestly listing all of his prior cases in his amended complaint, ECF No. 10. Plaintiff contends that he could not provide all "pertinent information because he does not have records." *Id.* at 13. Plaintiff is well aware that it is his responsibility to keep a list of his prior cases as he has previously had a case dismissed for failing to disclose his litigation history. *See* case

number 4:19cv229-WS-HTC.  Judge Frank has provided Plaintiff with an opportunity to submit an amended complaint that properly discloses his litigation history, but it is unnecessary to do so in this case as discussed below.  Furthermore, Plaintiff admits he has "three strikes" pursuant to § 1915(g).  ECF No. 10 at 9.

Judicial notice is taken of these cases in which Plaintiff was barred from proceeding with in forma pauperis status because he has three strikes: (1) case number 2:17cv14054-RLR, filed in the Southern District of Florida; (2) case number 2:15cv0756-JES-MRM, filed in the Middle District of Florida, and (3) case number 2:11cv0580-JES-SPC, also filed in the Middle District.  Plaintiff has also previously been denied leave to proceed in forma pauperis in this Court because he has more than three "strikes"

under 28 U.S.C. § 1915(g).[1]  See case number 4:14cv151-MW-CAS and case number 4:19cv490-MW-CAS.

Moreover, this case should be dismissed because Plaintiff's factual allegations do not demonstrate that he faces imminent danger.  Plaintiff complains about eyeglasses received in 2019.  ECF No. 10 at 5.  He complains about a delayed examination in January 2021 and other miscellaneous issues.  *Id.* at 5-6.  He contends that he is "poisoned by particles in his food he cannot see" and is "exposed to HVA, HVB, HVC, and HIV by officers to cause complication[s] to HVC infection resulting in vomiting, MRSA infections, yellowing of the skin, edema" and other issues.  *Id.* at 6.  Plaintiff contends he cannot access medical and cannot file grievances, although Plaintiff also claims that Centurion denies "all ready available remedy in grievances that has been filed . . . ."  *Id.*  Plaintiff

---

[1]   The relevant statute provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Case No. 4:21cv496-MW-MAF

complains of long term isolation, the denial of law library privileges, and the failure of unknown and unidentified persons to provide him with "corrective lenses." *Id.*

Plaintiff's complaint is an impermissible shotgun pleading comprised of vague, unsupported, and conclusory factual allegations. There are no specific facts presented which reveal actions or omissions of an identifiable person from whom Plaintiff is in danger. The only two persons named as Defendants are medical personnel and Plaintiff does not indicate that he has been in recent contact with either of them. The allegations concern past events and Plaintiff has not alleged future imminent harm.

Thus, Plaintiff cannot proceed in this case without payment of the filing fee in one lump sum. Accordingly, Plaintiff's motions for in forma pauperis status, ECF Nos. 2 and 12, should be denied, his motion for a preliminary injunction, ECF No. 11, should be denied, and this case summarily dismissed. Dismissal should be without prejudice to Plaintiff submitting a complaint in a new case for which he pays the full $402.00 filing fee at the time of case initiation if he wants to proceed with these claims. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is

subject to § 1915(g) does not pay the filing fee at the time he initiates the suit). "The prisoner cannot simply pay the filing fee after being denied in forma pauperis status." *Id.*

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's motions for leave to proceed in forma pauperis, ECF Nos. 2 and 12, be **DENIED** pursuant to 28 U.S.C. § 1915(g), that his motion for a preliminary injunction, ECF No. 11, be **DENIED** because the amended complaint, ECF No. 10, is insufficient to demonstrate imminent danger. This case should be **DISMISSED without prejudice** to Plaintiff's refiling an action if he simultaneously submits the $402.00 filing fee. It is also **RECOMMENDED** that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on February 16, 2022.

                        S/   Martin A. Fitzpatrick
                        **MARTIN A. FITZPATRICK**
                        **UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.